IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIE HVIZDAK, | : |
| | : |
| Plaintiff, | : CIVIL ACTION - LAW |
| | : NO. _____ |
| vs. | : (Filed Electronically) |
| | : |
| TORRANCE STATE HOPSITAL, and | : |
| | : |
| BRAD SNYDER, Individually, and | : |
| acting in his capacity as Chief Executive | : |
| Officer of Torrance State Hospital, | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | |

_____

**COMPLAINT**

_____

AND NOW, comes the Plaintiff, AMIE HVIZDAK, by and through her attorneys, Jerome J. Kaharick and Associates, and sets forth the following Complaint, of which these averments are particularized:

### Jurisdiction and Venue

1. This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, costs and attorney's fees for the sexual discrimination and retaliation suffered by the Plaintiff in her employment by the Defendants.

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e), et seq., and the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

3. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331 and Section 1343(4) and 42 U.S.C. Section 2000(e)-5(f). A right to sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on December 9, 2015, and received on December 12, 2015 a true and accurate copy of which is attached hereto as Exhibit "A" based upon Charge Affidavits timely filed with the EEOC.

4. Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. Section 2201, Section 2202, and 42 U.S.C. Section 2000(e)(5)(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. Section 1981(a).

5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. Section 2000(e)-5(k) and Fed. R. Civ. P. 54.

6. This action is proper in the Western District of Pennsylvania, civil division, pursuant to 29 U.S.C. Section 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. Section 2000(e)-5(f)(3) because of the unlawful employment practices committed in this judicial district.

## PARTIES

7. Plaintiff, Amie Hvizdak, is an adult individual of the State of Pennsylvania, presently residing at 142 Schober Street, Green Bay, Wisconsin 54302.

8. Defendant, Torrance State Hospital located at 121 Longview Drive, P.O. Box 111 Torrance, Pennsylvania 15779, is a State facility for people with mental illness. Torrance State Hospital's current employee compliment is at 649 staff with 301 individuals residing with the facility and at all times mentioned herein, employed the Plaintiff.

9. Defendant, Brad Snyder, located at 121 Longview Drive, P.O. Box 111, Torrance, PA 15779, is the Chief Executive Officer of Torrance State Hospital.

10. In that capacity, the Defendant, Brad Snyder, was responsible for carrying out the policies and procedures established by Torrance State Hospital and directly responsible for the hiring, promotion, demotion, and termination of employees of Torrance State Hospital.

## COUNT I:
## SEXUAL DISCRIMINATION

11. Plaintiff has been employed by Defendant, Torrance State Hospital, since July 30, 2012. From July 30, 2012 to July 27, 2013, Plaintiff worked as a Clinical Psychology Intern. From July 27, 2013 through August 5, 2015, Plaintiff worked as Psychological Service Associate for Mental Health.

12. Plaintiff's immediate supervisor at Defendant, Torrance State Hospital is Dr. Danielle Adamsky (Director of Psychological Services).

13. The following actions detailed in this paragraph committed by the Defendants, Torrance State Hospital and its agents, servants, and employees, show a pattern of discriminatory animus employed by Defendants against the Plaintiff and the creation of a hostile work environment that Plaintiff was subjected to in the following particulars:

(a) On July 30, 2012, Plaintiff was hired as a Clinical Psychology Intern.

(b) On July 27, 2013, Plaintiff was hired as a full-time Psychological Service Associate for Mental Health.

(c) Beginning August 2013, Plaintiff voiced concerns regarding inappropriate comments from Reynaldo Puesan, MD (Contract Psychiatrist). Dr. Puesan made personal statements regarding his sex life, adultery, and other women's breasts.

(d) Plaintiff was harassed by Dr. Puesan after she disclosed she was pregnant. In February 2014, Dr. Puesan stated that he hoped the Plaintiff didn't "expect any child support from" him; asked the Plaintiff if her "husband knew" and also stated to the Plaintiff "please don't tell my wife".

(e) In September 2014, after Plaintiff returned to work from her maternity leave, Dr. Puesan stated that he hoped the Plaintiff's "vagina shrivels up and dies" so that the Plaintiff could not go on maternity leave again.

(f) In October 2014, Dr. Puesan stated "I value you [psychology], I put you on a pedestal and it's not just to look up your skirt". After the Plaintiff voiced her offense at this comment, Dr. Puesan attempted to minimize this comment by stating that the Plaintiff "didn't even wear skirts".

(g) On December 23, 2014, Dr. Puesan approached the Plaintiff and requested to speak with the Plaintiff alone regarding a memorandum sent to her supervisor, Dr. Adamsky, concerning changing treatment times. Dr. Puesan accused the Plaintiff of "giving Dr. Adamsky more ammo" by sending her the aforementioned memorandum. Dr. Puesan then stated that Dr. Adamsky "…is deranged, really a sick woman" after the Plaintiff attempted to explain that she was just following the appropriate chain of command.

      (h)      On December 23, 2014, Dr. Puesan, during the course of this twenty-five-minute conversation with the Plaintiff, also remarked that the Plaintiff's colleague, Dr. Chamine Phillips, was "a Jew at the Wailing Wall" who had "no voice of her own" and was just "nodding and going along with what [Dr.] Adamsky says". The Plaintiff repeatedly asked Dr. Puesan to stop speaking about her colleagues in that manner, to which Dr. Puesan replied that "Hitler could be standing right in front of you [Plaintiff] and you [Plaintiff] would still think he was charming, kind and respectful".

      (i)      On December 23, 2014, the Plaintiff informed her supervisor, Dr. Adamsky, of the conversation that had taken place with Dr. Puesan.

      (j)      On December 23, 2014, Dr. Puesan asked to speak with the Plaintiff alone a second time after learning the Plaintiff had informed her supervisor of the above conversation. Dr. Puesan stated "now I am going to have to go down there and explain myself… They are going to crucify me!" Dr. Puesan then stated to the Plaintiff that he had "trusted" and "confided in her [Plaintiff]". The Plaintiff attempted to explain to Dr. Puesan that the conversation had earlier that day was unprofessional. Dr. Puesan regarded this as irrelevant and stated that he thought the Plaintiff "had good judgment". Dr. Puesan then stated to the Plaintiff that he "could make you [Plaintiff] green with envy if you [Plaintiff] knew how much money I make… It would make you [Plaintiff] sick". Dr. Puesan then went on to state to the Plaintiff that he thought she was "different" and of "different maturity then them [Dr. Adamsky and Dr. Phillips]". At this point, the Plaintiff asked Dr. Puesan not to speak with her again in regard to her colleagues and exited the office.

      (k)      On December 23, 2014, in a meeting with the Plaintiff, Plaintiff's Supervisor Dr. Adamsky, Chief Executive Officer of Torrance State Hospital Brad Snyder, Plaintiff's Immediate Supervisor Angela Harris, Chief Medical Officer Dr. Herbert Chissell, and Dr. Puesan, Dr. Puesan admitted to making certain comments identified by the Plaintiff, but did not intend to offend or demean anyone. At this meeting, Dr. Adamsky felt that the issues between the Psychology Staff and Dr. Puesan were unresolvable. It was agreed that Ms. Harris and/or Dr. Chissell would monitor the interactions between Dr. Puesan and the Psychology Staff. CEO Snyder expressed his desire that all parties work toward a professional resolution and said that they would reconvene shortly to decide if any progress had been made.

   (l) On December 24, 2014, the Plaintiff was given specific instructions by Ms. Harris to have no one-on-one contact with Dr. Puesan.

   (m) On December 24, 2014, the Plaintiff, Dr. Phillips, and Dr. Adamsky voiced concern to Ms. Harris that Plaintiff was still expected to attend treatment team with Dr. Puesan and that Dr. Adamky was no longer permitted to attend Plaintiff's team meetings. Ms. Harris stated "I am choosing not to go into detail regarding this decision".

   (n) On December 30, 2014, Dr. Adamsky informed Ms. Harris that formal complaints detailing sexual harassment and discrimination in regard to the Plaintiff were being filed with the Human Relations Department, as well as the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

   (p) On December 30, 2014, CEO Snyder met with Dr. Chissell met to discuss what changes could be made to the psychiatric wards to improve function. It was agreed upon that the current Psychology Staff, including the Plaintiff, should be removed from the wards rather than Dr. Puesan.

   (p) On December 31, 2014, the Plaintiff was informed that she and Dr. Phillips were to be removed from the current psychiatric wards and reassigned to another.

   (q) On January 22, 2015, an investigator interviewed the Plaintiff and several other members of the Psychology Staff in regard to the sexual harassment and discrimination complaint filed internally with Torrance State Hospital.

  14. The Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged and is now suffering and will continue to suffer irreparable injuries from her treatment by Defendants, Torrance State Hospital and Brad Snyder, individually, and acting in his capacity as Chief Executive Officer of Torrance State Hospital.

  15. The Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendants' discrimination.

  16. Plaintiff will suffer future pecuniary losses as a direct result of the Defendants' discrimination.

  17. The Defendants have engaged in discrimination against the Plaintiff with malice or reckless indifference to Plaintiff's rights under Title VII.

18. Because sex/national origin was/were motivating factors and made a difference in the decision to treat the Plaintiff from other non-minorities, the Defendants Torrance State Hospital and Brad Snyder, individually, and acting in his capacity as Chief Executive Officer of Torrance State Hospital, violated Title VII.

WHEREFORE, Plaintiff prays this Court:

    (a) Declare the conduct engaged in by the Defendants to be a violation of Plaintiff's rights;

    (b) Enjoin the Defendants from engaging in such conduct;

    (c) Award Plaintiff compensatory and punitive damages;

    (d) Award Plaintiff costs and attorney's fees; and

    (e) Grant such other relief as it may deem just and proper and reinstatement to former position with back pay from date of discharge to date of filing of this Complaint.

## COUNT II:
## RETALIATION

19. Plaintiff incorporates by reference the averments in Paragraphs 1 through 18 as though fully set forth herein.

20. The Plaintiff was engaged in protected activities, *i.e.*, she was protesting formally and informally the discrimination she suffered as detailed in Count I above and the making of complaints to management protesting the discrimination suffered at the place of employment.

21. The Plaintiff suffered an adverse employment action.

WHEREFORE, Plaintiff prays this Court:

    (a) Declare the conduct engaged in by the Defendants to be a violation of Plaintiff's rights;

    (b) Enjoin the Defendants from engaging in such conduct;

    (c) Award Plaintiff compensatory and punitive damages;

    (d) Award Plaintiff costs and attorney's fees; and

    (e)      Grant such other relief as it may deem just and proper and reinstatement to former position with back pay from date of discharge to date of filing of this Complaint.

## COUNT III:
## INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff incorporates Paragraphs 1 through 21 of the Complaint as if the same were set forth herein.

23. Plaintiff was verbally harassed by Reynaldo Puesan, MD (Contract Psychiatrist) which impacted Plaintiff's ability to perform her job duties and roles.

24. On December 23, 2014, Dr. Puesan scolded the Plaintiff regarding her informing Dr. Adamsky of the conversation they had had earlier that day. The Plaintiff grew increasingly upset and began crying as Dr. Puesan stood over her while raising his voice as she remained seated in her chair.

25. On December 31, 2014, Dr. Puesan referred to her as a "little girl" in front of Ms. Harris, who did nothing despite her obligation to monitor interactions between the Plaintiff and Dr. Puesan.

26. As a direct and proximate result of the outrageous conduct of Defendant, Torrance State Hospital, and Brad Snyder, individually, and acting in his capacity as Chief Executive Officer of Torrance State Hospital, the Plaintiff has suffered great mental anguish and severe emotional distress resulting in the Plaintiff's resignation from Torrance State Hospital.

27. The Plaintiff has suffered pecuniary losses as a direct result of Defendants' outrageous conduct.

28. The acts, conduct and behavior of Defendants, Torrance State Hospital, and Brad Snyder, individually, and acting in his capacity as Chief Executive Officer of Torrance State Hospital, were performed knowingly, intentionally, and maliciously, by reason of which Plaintiff is also entitled to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants, Torrance State Hospital, and Brad Snyder, individually, and acting in his capacity as Chief Executive Officer of Torrance State Hospital as follows:

(a) Awarding any and all damages resulting from Plaintiff's resignation on August 5, 2015;

(b) Awarding any and all damages resulting from Plaintiff's loss of benefits from August 5, 2015, to the present;

(c) Awarding any and all damages resulting from Plaintiff's loss of future earnings;

(d) Awarding any and all damages resulting from Plaintiff's humiliation, embarrassment, anxiety, and emotional distress;

(e) Awarding Plaintiff reasonable attorneys' fees and costs in the filing of this lawsuit; and

(f) Granting Plaintiff such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**JEROME J. KAHARICK and ASSOCIATES**

Date: MARCH 11, 2016

/s/ Jerome J. Kaharick
Jerome J. Kaharick
Pa. I.D. No. 61950
Park Building, Suite 301
142 Gazebo Park
Johnstown, PA 15901
(814) 539-6789
(814) 539-5934 (facsimile)
jkaharick@atlanticbb.net